NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GURDEV SINGH, et al., | No. 23-3854 |
| Petitioners, | Agency Nos.<br>A220-350-486 |
| v. | A220-350-485<br>A220-350-487 |
| PAMELA J. BONDI,<br>United States Attorney General, | A220-350-488 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2025[**]
San Francisco, California

Before: M. SMITH and BRESS, Circuit Judges, and MORRIS, Chief District
Judge.[***]

Petitioners Gurdev Singh ("Singh"), Simarjit Kaur, Sahibjot Singh, and

Arashdeep Kaur (collectively "Petitioners") seek review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Immigration Appeals ("Board") decision affirming the Immigration Judge's denial of asylum and withholding Singh's removal to India. Petitioners entered the United States unlawfully on November 27, 2021, near San Luis, Arizona. The Department of Homeland Security ("DHS") issued them Notices to Appear on charges of inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). Singh sought asylum, withholding of removal, and Convention Against Torture ("CAT") protection.[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

We apply a highly deferential "substantial evidence" standard to the Board and Immigration Judge's findings of fact. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Their findings of fact are considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review de novo questions of law. *Ruiz-Colmenares*, 25 F.4th at 748. When "the [Board] issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).

---

[1] The Immigration Judge granted Singh withholding of removal, but this form of relief does not extend to his wife and children, who are derivative applicants. In addition, before the Board, Petitioners did not challenge the IJ's finding that they were ineligible for protection under CAT. This claim is thus unexhausted and forfeited.

An alien is ineligible for asylum if he has "firmly resettled in another country prior to arriving in the United States." 8 U.S.C. § 1158(b)(2)(A)(vi). Determining whether the firm resettlement rule applies involves a two-step process: "First, the government presents 'evidence of an offer of some type of permanent resettlement,' and then, second, 'the burden shifts to the applicant to show that the nature of his [or her] stay and ties was too tenuous, or the conditions of his [or her] residence too restricted, for him [or her] to be firmly resettled.'" *Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019) (alterations in original) (quoting *Maharaj v. Gonzales*, 450 F.3d 961, 976–77 (9th Cir. 2006) (en banc)). The focus of the firm resettlement inquiry is on whether there has been "an offer of permanent, not temporary, residence in a third country where the applicant lived peacefully and without restriction." *Maharaj*, 450 F.3d at 969; *see also Matter of A-G-G-*, 25 I. & N. Dec. 486, 501 (B.I.A. 2011).

The Immigration Judge and Board found that the government had met its burden to provide evidence that Singh was offered some type of permanent resettlement in Italy. Singh's long term residence permit and long-standing connection to Italy provided sufficient evidence to support a finding of firm resettlement. The burden shifted to Singh to show that he was not offered some type of permanent residency. Singh failed to rebut the showing that he had firmly resettled in Italy. Singh freely could travel from India to Italy, two of his children were born in Italy, his family lived with him for years at a time, he paid taxes to the Italian

3                                                                                                    24-116

government, and he enjoyed rights similar to those of Italian citizens. Singh's subjective intent regarding whether to remain in Italy was appropriately disregarded.

"If the government establishes that an applicant has firmly resettled, we then look to whether the applicant qualifies for either of two exceptions to the firm-resettlement bar." *Aden v. Wilkinson*, 989 F.3d 1073, 1079–80 (9th Cir. 2021). As relevant here, the "restricted-residence exception" applies if the applicant can show that a country's government consciously and substantially restricts their living circumstances. *Id.* That exception also assists an applicant who can show future or past persecution on a statutorily protected ground in the country of resettlement. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i), 1231(b)(3)(A); *see Aden*, 989 F.3d at 1080.

The restricted-residence exception does not apply here. Singh freely travelled between India and Italy between 2002 and 2021. The Italian and Indian governments did not restrict Singh's ability to travel during this time frame.

Nor has Singh shown future or past persecution in Italy on a statutorily protected ground. Singh allegedly was assaulted by the Italian drug mafia in 2021. Singh failed to report the assault to the Italian police for fear of being assaulted again. Singh also reported that he received a call, while in Italy, from people claiming to be members of the Bhartiya Janata Party ("BJP") in India. Singh alleges the callers threatened to kill him because he supported the Shiromani Akali Dal Amritsar Mann

Party ("Mann Party"). Singh did not report the threat to the Italian police. Singh failed to supply evidence that reporting the mafia assault or the BJP threats to the Italian police would have been futile. Singh failed to establish that the Italian government would not protect him. Singh also presented no evidence that the Italian drug mafia were targeting Singh based on any protected ground.

**PETITION DENIED.**